Dian L. CASTLE, Plaintiff,

v.

Lloyd M. BENTSEN, Secretary of the Department of Treasury, Defendant.

Civ. No. 93–2643 (CRR).

United States District Court, District of Columbia.

Nov. 2, 1994.

Michael Kator and Tracy Hilmer of Kator, Scott, & Heller, Washington, DC, for plaintiff.

Eric H. Holder, Jr., U. S. Atty., along with John D. Bates, Madelyn E. Johnson, and Sherri L. Evans, Asst. U.S. Attys., for defendant. Larry J. Stein, Sr. Trial Atty., Office of the Comptroller of the Currency, of counsel.

## *ORDER*

CHARLES R. RICHEY, District Judge.

Before the Court at this time is the Defendant's Motion for Judgment as a Matter of Law pursuant to Rule 50 of the Federal Rules of Civil Procedure. In this Motion made orally at the close of the Plaintiff's case-in-chief, the Defendant seeks dismissal of the Plaintiff's claims of sex discrimination

and retaliation under Title VII of the Civil Rights Act of 1964, as amended in 1991, 42 U.S.C. § 2000e–2(a)(1), as well as dismissal of the Plaintiff's claim of handicap discrimination under Section 501 of the Rehabilitation Act of 1973, *as amended,* 29 U.S.C. § 791 *et seq.* Based on the evidence presented by the Plaintiff at trial in her case-in-chief, and the entire record herein, the Court finds that the Defendant's Motion shall be granted, in part, and denied, in part, as hereinafter provided.

The Court finds that, pursuant to Rule 50(a)(1) of the Federal Rules of Civil Procedure, the Plaintiff has been fully heard on her Rehabilitation Act claim, but there is no legally sufficient evidentiary basis for a reasonable jury to find for the Plaintiff on this claim. Accordingly, the Court shall grant the Defendant's Motion for Judgment as a Matter of Law with respect to the Plaintiff's claim under Section 501 of the Rehabilitation Act. In particular, the Court finds that the Plaintiff has failed to present sufficient evidence to sustain a finding that she is handicapped within the meaning of the Rehabilitation Act.

 To prove a prima facie case of handicap discrimination under the Rehabilitation Act of 1973, *as amended,* 29 U.S.C. § 791 *et seq.,* the Plaintiff has the burden of establishing: (1) that she suffers from a handicap as defined in 29 C.F.R. § 1614.203(a), (b); (2) that she is an otherwise qualified individual with handicaps; (3) that the employer was aware of her handicap; and that (4) she was denied a reasonable accommodation for her handicap. *See Carr v. Reno,* 23 F.3d 525, 529 (D.C.Cir.1994) (citing 29 C.F.R. § 1614.203(c)). There is no dispute that, in order to prevail on her Section 501 claim, the Plaintiff must prove in the first instance that she is a handicapped individual within the meaning of the Act. *See Miller v. Dep't of Health and Human Services,* 23 M.S.P.R. 128, 131 (1984), *aff'd* 770 F.2d 182 (Fed.Cir.1985).

 To qualify as an "[i]ndividual with handicap(s)" under the Rehabilitation Act, an individual must have "a physical or mental handicap which substantially limits one or more of such person's major life activities."

29 C.F.R. § 1614.203(a)(1)(i). Major life activities "means functions, such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning and working." *Id.* § 1614.203(a)(3). Again, it is undisputed that this is the relevant standard by which the Plaintiff must prove by a preponderance of the evidence that she is handicapped. The Court finds that the Plaintiff has failed to present sufficient evidence by which a reasonable jury could conclude that she is handicapped within this definition.

In response to the Defendant's Motion to Dismiss at the close of the Plaintiff's case-in-chief, counsel for the Plaintiff stated that the evidence put forth to substantiate the Plaintiff's Rehabilitation Act claim consisted of the testimony of Dr. Castle herself, as well as the testimony of Dr. Meister. The substance of both of these witnesses' testimony is as follows. First, Dr. Castle testified that it is true that she dozed off during one meeting, but that she has had severe anemia since 1973 which can make her feel rundown or tired. She denied falling asleep at any other meeting. She also stated that her anemia has never interfered with her ability to carry out the essential duties of her job. Castle Declaration at 18–19. Finally, she testified that she tries not to let her anemia stop her from leading a normal life. *Id.* at 19. Indeed, on cross-examination, Dr. Castle further testified that she played tennis three times a week—sometimes for an hour and a half per session, that she regularly jogged, swam, and coached a little league basketball team.

Next, Dr. Meister testified that he treated Dr. Castle for her anemia and that, in response to her letter requesting an opinion as to whether her severe anemic condition could cause her to fall asleep at work, he concluded that there was " 'no question that her symptoms of fatigue and occasionally sleeping on the job were likely related to her iron deficiency anemia' " and that, "given the severity of her anemia, [he] was amazed that she managed to be as active as she was." Meister Declaration at 3.

Viewing this evidence in the light most favorable to the non-movant Plaintiff, the Court simply cannot find any support for the Plaintiff's claim that her anemia *substantially limits* one or more of her *major life activities*, such as caring for herself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning and working. 29 C.F.R. § 1614.203(a)(3). The Court finds that this standard requires more than a showing that the Plaintiff has a blood condition which may cause the Plaintiff to become drowsy and which may have caused her to fall asleep at one meeting during the whole of her tenure of employment with the Defendant. Indeed, of the list of "major life functions" set forth in the Code of Federal Regulations, the only function which the Court could imagine might arguably be impaired by Dr. Castle's anemia is her ability to work—but the Plaintiff herself testified that she only fell asleep at one meeting, and that her anemia has never interfered with her ability to work. No reasonable jury could find that Dr. Castle's condition otherwise meets the clear legal standard for a handicap. Accordingly, the Court shall grant the Defendant's Motion with respect to the Plaintiff's claim under the Rehabilitation Act.

The Court finds, however, that the Defendant's Motion must be denied with respect to the Plaintiff's sex discrimination and retaliation claims. In order to set forth a prima facie case of retaliation under Title VII, the Plaintiff must show (1) that she engaged in a statutorily protected activity; (2) that the employer took an adverse personnel action; and (3) that a causal connection existed between the two. *Mitchell v. Baldrige*, 759 F.2d 80, 81 (D.C.Cir.1985). "[T]his initial burden is not great. Plaintiff merely needs to establish facts adequate to permit an inference of retaliatory motive." *Id.*

In the instant case, the Defendant argues that the Plaintiff has failed to produce sufficient evidence with respect to the third prong—the causal connection—by which a reasonable jury could find for the Plaintiff on her reprisal claim. However, the *Mitchell* Court went on to state that the causal connection component may be established by showing that the employer had knowledge of the employee's protected activity, and that the adverse personnel action took place shortly after that activity. *Id.* In *Mitchell,* the Court of Appeals found that a three month span between the Plaintiff's filing of an EEO Complaint and his suspension was sufficient to establish a causal connection. In the instant case, it appears from Dr. Castle's testimony that she contacted Glenda Cross in the Spring of 1991—though this is not clear—and that she authorized Glenda Cross to speak to Paul Barsnica about her complaint "[i]n the fall." Castle Declaration at 20. Dr. Castle further testified that she was terminated in January.

The Court observes that, if Paul Barsnica was indeed notified of Dr. Castle's discussion with Glenda Cross in the fall of 1991, her discharge in January 1992 would have been approximately three to five months later. Under *Mitchell,* this time period establishes a causal connection and prima facie case sufficient to go to the jury. Accordingly, the Court finds that, viewing the evidence in the light most favorable to the Plaintiff, and in view of the holding in *Mitchell,* the Defendant's Motion for Judgment as a Matter of Law with respect to the Plaintiff's reprisal claim must be denied.

With respect to the Plaintiff's claim of sex discrimination under Title VII, the Court finds that the Plaintiff has produced sufficient evidence by which a reasonable jury could find in her favor. Accordingly, the Court shall deny the Defendant's Motion for Judgment as a Matter of Law regarding that claim. On this issue, the Court credits the testimony of Dr. Castle, Anita Nicole Colbart and Marilyn Durbart with respect to the statements and actions of Paul Barsnica, to the extent that such testimony is legally sufficient to support the Plaintiff's prima facie case of sex discrimination as well as her burden of showing that the Defendant's legitimate non-discriminatory reasons for dismissing Dr. Castle were pretextual. *See St. Mary's Honor Center v. Hicks,* — U.S. ——, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993). The Court finds that the factual question of whether the Defendant was motivated by

sexually discriminatory animus in dismissing Dr. Castle is one which the jury must decide.

Accordingly, it is, by the Court, this 2nd day of November, 1994,

ORDERED that the Defendant's Motion for Judgment as a Matter of Law with respect to the Plaintiff's claim under the Rehabilitation Act shall be, and hereby is, GRANTED; and it is

FURTHER ORDERED that the Defendant's Motion for Judgment as a Matter of Law with respect to the Plaintiff's claim of retaliation under Title VII shall be, and hereby is, DENIED; and it is

FURTHER ORDERED that the Defendant's Motion for Judgment as a Matter of Law with respect to the Plaintiff's claim of sex discrimination under Title VII shall be, and hereby is, DENIED.